**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Nguyen Win Properties LLC, | ) | Case No. **25-11795** |
| | ) | Chapter 11 |
| Debtors. | ) | |
| | ) | |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY, FOR
ABANDONMENT OF PROPERTY, WAIVER OF 4001(a)(3),AND NOTICE OF
OPPORTUNITY FOR HEARING**

**NOTICE OF OPPORTUNITY FOR HEARING**

**Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the effect of this document.** If you do not want the Court to grant the requested relief, or you wish to have your views considered, you must file a written response or objection to the requested relief with the Clerk of the United States Bankruptcy Court for the Northern District of Oklahoma, 224 South Boulder, Tulsa, Oklahoma 74103, **no later than fourteen (14) days from the date of filing of this request for relief**. You must also serve a file-stamped copy of your response or objection on the undersigned movant's attorney and file a certificate of service with the Court. If no response or objection is timely filed, the Court may grant the requested relief without a hearing or further notice.

The fourteen-day period includes the three (3) days allowed for mailing under Fed. R. Bankr. P. 9006(f).

**INTRODUCTION**

First Bank & Trust Co. ("FBTC") seeks relief from the automatic stay pursuant to 11 U.S.C. §§ 362(d)(1) and 362(d)(2) and abandonment under 11 U.S.C. § 554, with respect to all real property described in Exhibit 1, based on extensive evidence of waste, deterioration, mismanagement, lack of adequate protection, and Debtor's inability to

reorganize. The Debtor has defaulted on each of the loans secured by the properties, failed to maintain them, and allowed severe safety hazards to develop, as shown through sworn testimony in the prepetition receivership hearing. The Debtor lacks equity in the collateral, has no funding for repairs, and cannot propose a feasible reorganization.

## JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(G). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTUAL BACKGROUND

1.    On July 1, 2025, FBTC filed its Foreclosure Petition and Emergency Application for Appointment of Receiver in the District Court for Tulsa County. *See* State Court Petition attached hereto as Exhibit 2.

2.    The Foreclosure involves numerous parcels of real property throughout Tulsa, Broken Arrow, Porter, Mounds, Wagoner County, and Creek County. These properties secure multiple promissory notes held by FBTC, each documented in the exhibits attached to the Petition.  The related mortgages each contain assignments of rents, cross-collateralization clauses, and covenants requiring the Debtor to maintain the properties, prevent waste, and comply with all legal requirements.

3.    FBTC initiated a receivership action due to the Debtor's default and widespread reports of dangerous and deteriorating property conditions. During the November 12, 2025 receivership hearing, extensive testimony established that several

properties had become unsafe or uninhabitable under Debtor's ownership. *See* Receiver

Hearing Transcript attached hereto as Exhibit 3 ("Transcript").

4.      For example, Ms. Barrett, who currently occupies one of the subject

properties, testified that although the home was marketed by Debtor as "newly renovated,"

it was plagued with significant plumbing failures, including sewage backing into the

shower, as well as flooding and extensive water damage. Transcript at 14:19-15:25.

5.      Ms. Barrett described the kitchen floor caving in and a bedroom ceiling

collapsing due to prolonged water intrusion. *Id.*

6.      She also testified that the HVAC system was nonfunctional despite being

represented as new, and that a mold inspector she retained identified mold throughout the

walls and ceilings. Transcript at 15:23-21:10.

7.      Another occupant, Ms. Steed, testified that a tree fell through the roof,

leaving an open hole above her master bedroom, and that rain and snow entered the home

through the opening for an extended period. She explained that mold had taken over the

bedroom due to lack of repairs and that Mr. Nguyen refused steps to fix the roof or

remediate the mold. Transcript 30:9-31:16; 56:15-57:5.

8.      During the Receiver Hearing, Mr. Nguyen (the principal owner of Debtor)

admitted he had not recorded any of the contracts for deed he issued and that he had not

made repairs to properties sold under such arrangements, explaining that purchasers "buy

them as is" and that he does not consider himself responsible for repairs, even when

significant hazards exist. Transcript at 69:22-70:1; 55:25-57:17.

3

9.      During the Receivership Hearing, the state court observed that the mortgaged properties were in danger of being lost, removed or materially injured, noting Debtor's "lack of diligence" in addressing hazardous property conditions. Transcript at 121:15-123:17.

10.     During the Receiver Hearing, Debtor, through Mr. Nguyen, advised he expected to obtain financing to pay off FBTC within a week, eliminating the need for the foreclosure or receivership. Transcript at 63:25-68:20. Accordingly, the Court ruled that if the Debtor had not obtained the financing as represented, she would move forward with entry of the Order Appointing Receiver on November 24, 2025. Transcript at 124:5-23.

11.     Debtor did not obtain the financing as represented to the State Court and Debtor Nguyen Win Properties, LLC ("Debtor") filed its Chapter 11 petition on November 24, 2025 before the Order Appointing Receiver was entered. [Dkt. No. 1].

12.     Debtor's Petition further reflects liabilities exceeding assets and an absence of available funds for necessary repairs. [Dkt. No. 1].

13.     The collateral at issue consists of all real property described in Exhibit 1 (the "Mortgaged Properties"). *See* Exhibit 1.

### BRIEF IN SUPPORT

**I . Relief Is Appropriate Under § 362(d)(1) Because "Cause" Exists**

11 U.S.C. § 362(d)(1) provides as follows:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest.

11 U.S.C. §362(d)(1). "Cause" exists where a debtor fails to maintain property, permits waste, or endangers the creditor's collateral. *See In re JE Livestock, Inc.*, 375 B.R. 892 (10th Cir. BAP 2007)(explaining that "cause" is determined by the totality of circumstances, that courts may consider the debtor's good or bad faith and harm to the secured creditor, and that persistent mismanagement or disregard of obligations constitutes cause to terminate the stay). The testimony in the receivership hearing establishes precisely that. The properties discussed by Ms. Steed and Ms. Barrett are plagued by severe structural failures, mold infiltration, collapsed ceilings, nonfunctional HVAC, plumbing failures, and roof breaches allowing the elements into the home. Ms. Barrett and Ms. Steed testified to these conditions in detail, and Mr. Nguyen admitted he did not intend to repair such defects.

These circumstances demonstrate a material decline in the value of the collateral and show that Debtor cannot offer adequate protection to FBT. Debtor's continued collection and use of rents without turning them over to FBT or seeking cash-collateral authority further supports relief under § 362(d)(1).

Debtor filed this case immediately before a receivership order was expected, evidencing an intent to delay rather than reorganize. The cumulative evidence—waste, deterioration, mismanagement, lack of funds, and bad-faith timing—constitutes ample "cause" to terminate the stay.

### II. Relief Is Appropriate Under § 362(d)(2) Because Debtor Lacks Equity and the Properties Are Not Necessary to an Effective Reorganization

11 U.S.C. § 362(d)(2) provides:

> On request of a party in interest and after notice and a
> hearing, the court shall grant relief from the stay provided

> under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
> (2) with respect to a stay of an act against property under subsection (a) of this section, if—
> (A) the debtor does not have an equity in such property; and
> (B) such property is not necessary to an effective reorganization.

11 U.S.C. §362(d)(2). The evidence shows that the Debtor has no equity in the collateral. The numerous physical defects, safety hazards, and necessary structural repairs greatly diminish the value of the properties. Debtor's liabilities exceed assets according to the Petition, and Mr. Nguyen admitted he lacked funds to make repairs and had been unable to secure refinancing.

The properties are also not necessary for an effective reorganization. Debtor must demonstrate a reasonable possibility of reorganization within a reasonable time. *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 366, 108 S. Ct. 626, 628, 98 L. Ed. 2d 740 (1988). Debtor's inability to repair unsafe homes, provide complete tenant documentation, or service its secured debts makes reorganization impossible. These properties cannot contribute to a successful restructuring effort.

### III. Abandonment Is Appropriate Under 11 U.S.C. § 554

FBTC also requests that this Court enter an order directing the Trustee to abandon the any interest in the Mortgage Properties. Pursuant to 11 U.S.C. § 554(b), upon request of a party-in-interest, and after notice and a hearing:

> [T]he court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

6

11 U.S.C. § 554(b). Here, the properties impose substantial burdens on the estate. They are deteriorated, unsafe, and require capital expenditures the Debtor cannot make. They have no meaningful net value to the estate, and the estate's continued ownership exposes it to administrative costs and potential liability. Abandonment is therefore appropriate.

### IV. Waiver of Rule 4001(a)(3)

"An order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 4001(a)(3).

Given the ongoing risk of deterioration and safety hazards, immediate enforcement of any order granting relief is necessary to protect the collateral. The Court should therefore waive the 14-day stay.

### CONCLUSION

For the reasons set forth above, First Bank & Trust Co. respectfully requests that the Court: (1) grant relief from the automatic stay under 11 U.S.C. §§ 362(d)(1) and 362(d)(2); (2) order abandonment of the estate's interest in the collateral pursuant to § 554; (3) authorize FBT to exercise all state-law rights and remedies, including foreclosure; (4) waive the 14-day stay under Rule 4001(a)(3); and (5) grant such other and further relief as the Court deems just.

Respectfully submitted,

_s/ Lysbeth L. George_
Lysbeth George, OBA #30562
LIZ GEORGE AND ASSOCIATES, PLLC,
8101 S. Walker, Ste. F
Oklahoma, OK 73139
Telephone:  (405) 689-5502
Facsimile:  (405) 689-5502
liz@georgelawok.com

ATTORNEY FOR FIRST BANK & TRUST
CO.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been served electronically via the Court's ECF noticing system on those parties who receive notice from that system on the 15th day of December, 2025 and to all the parties on the Mailing Matrix attached hereto.

/s/ _Lysbeth L. George_