## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

In Re:

**Nguyen Win Properties LLC**

Case No.: 25-11795
Chapter 11

Defendants.

## CRUZ'S OBJECTION TO FIRST BANK & TRUST'S MOTION FOR RELIEF FROM AUTOMATIC STAY

Comes now, Alexandr Sprenger, on behalf of Wilson Cruz and for his objections hereby states:

1)      First Bank and Trust filed their motion on or about December 12, 2025 seeking the removal of all real property from the Bankruptcy Court's protection.

2)      In doing so, they cite to a number of anecdotes related to the alleged state of the houses. Movant claims that the houses have issues with mold, sewer, HVAC, and other health hazards that effect the health of the occupants.

3)      However, Movant has failed to show that all of the homes bear these issues.

4)      Instead, Movant claims only that "several properties had become unsafe or uninhabitable under Debtor's ownership." *See Motion at ¶ 3.*

5)      This statement starkly contrasts with the relief sought. Here, Movant seeks an order removing ALL REAL PROPERTY from the Bankruptcy Court's estate. This is clearly overbroad. Movant does not believe that all of the properties are unsafe, only some of them. It would be

against the great weight of the equities to allow Movant to remove virtually all of the assets from the estate simply because some of them have become liabilities.

6)      Mr. Cruz spent substantial time and money remedying the issues in his home, including installing a new roof. Mr. Cruz should not have his interests subverted simply because other houses are in disrepair.

7)      Similarly, this Court is not fully appraised on how many homes are in good condition compared to how many are in poor condition. Movant's materials only discuss a few homes, while their petition requests the removal of over fifty properties.

8)      The Movant has failed to meet their burden and the Court should not discharge any properties other than those discussed in the record below.

9)      Additionally, the removal of the Properties would inherently prejudice some creditors over others.

10)     Here, Mr. Cruz is a contingent creditor with an unliquidated claim arising out of a contract for deed, among other claims.

11)     Mr. Cruz has faithfully paid for his home and will eventually be entitled to a deed to that property from Nguyen Win Properties LLC.

12)     However, Movant seeks to remove virtually all of the assets from the estate, leaving nothing to fulfil Mr. Cruz's future claim. Doing so would grant an unfair advantage to Movant at the cost of all other claimants. The Court should exercise its equity power to prevent the removal of all homes affected by a contract for deed. Assuming that the majority of properties are subject to such a deed, there could be millions in unliquidated claims arising solely out of similar contracts.

13)     Third, Movant seems to be seeking removal for the purposes of appointing a receiver. However, that is not what Movant requests in their Motion. Instead, Movant seeks an

order allowing it to "exercise all state-law rights and remedies, including foreclosure…" *See Motion at Page 7.* There is nothing in Movant's requested order that would require them to seek a receiver in the State Court Action. Movant could simply foreclose on all of the homes immediately and terminate the contingent future claims of all other creditors. Doing so would give Movant's claims priority over the scores of residents who have faithfully paid their mortgages for years.

14) If the case were allowed to proceed to foreclosure, Movant would simply credit bid on the properties using their massive $8 million dollar debt. This would price **each and every single resident out of their homes**, transferring wealth from Oklahoma Citizens into the hands of speculators, further exacerbating the housing crisis.

15) This Court should instead transmute Nguyen's filing into a Chapter 7 Bankruptcy and appoint a receiver to manage the business. A Trustee would be more than capable of managing the estate. The State Court had already planned to appoint one prior to the filing of this Bankruptcy. There is no reason to believe that a state receiver could manage a business in a way that a federal receiver could not.

16) In the alternative, This Court should tailor its order to the needs of the case. Removing all or virtually all of the Debtor's property amounts to dismissing the bankruptcy case in practice. Instead, the Court could limit its order to only include homes that are in a total state of disrepair.

17) The Court could also tailor its order to allow for the State Case to proceed, but bar any foreclosure proceedings pending the adjudication of the Bankruptcy. This would allow a receiver to be appointed, but prevent Movant from bullying other creditors out during foreclosure proceedings. Residents like Cruz who have invested into their homes would have the negotiating

power to keep their equity, while those who's homes are in disrepair could abandon the contract without issue.

18)     The Court could also order mediation between the parties or allow for residents to purchase their homes at a fixed rate. Many residents have already paid well over what Nguyen purchased the property for. Allowing residents to purchase their homes from Movant at the same value that Nguyen purchased the home would 1) fairly compensate Movant by paying them the price of the home, 2) Fairly compensate Nguyen by allowing them to keep rents already paid and, 3) allow residents to keep their equity as the difference in price from the time that Nguyen purchased the property until present day.

19)     Lastly, there is no reason to waive the 14-day stay set forth by Rule 4001(a)(3) on homes that are not in an active state of deterioration. Mr. Cruz only recently discovered that his home was on the verge of foreclosure. Conversations between Attorney Sprenger and counsel for both Movant and Nguyen indicated that there was no danger of foreclosure. Counsel for Cruz requests additional time to discuss settlement options between the parties prior to foreclosure proceedings.

RESPECTFULLY SUBMITTED,


/s/ Alexandr Sprenger
Alexandr Sprenger, OBA # 35843
BOSTON AVENUE LAW PLLC
320 Boston Ave., Suite 718,
Tulsa, OK 74103
(v) (539) 777-1287 (f) (405) 509-7100
Email: Alexandr@BostonAvenueLaw.com
***ATTORNEYS FOR PLAINTIFFS***

**CERTIFICATE OF DELIVERY**

I hereby certify that on December 22, 2025, I electronically transmitted the foregoing instrument to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all known ECF registrants:

/s/ Alexandr Sprenger
Alexandr Sprenger