**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

Filed/Docketed
May 04, 2026

IN RE:

**NGUYEN WIN PROPERTIES LLC,**

    **Debtor.**

**Case No. 25-11795-T
Chapter 11**

### ORDER DENYING MOTION FOR RELIEF FROM AUTOMATIC STAY AND ABANDONMENT OF PROPERTY

THIS MATTER comes before the Court pursuant to the Motion for Relief from Automatic Stay and Abandonment of Property ("the Motion"), filed by Dominion Financial Services LLC ("Movant");[1] and the Objection to the Motion, filed by Nguyen Win Properties LLC (the "Debtor").[2] The Court held an evidentiary hearing on the Motion on April 27, 2026 (the "Hearing"). After receiving evidence and hearing argument, the Court took the Motion under advisement. The following "Findings of Fact" and "Conclusions of Law" are being made pursuant to Federal Rule of Bankruptcy Procedure 7052, which is made applicable to this contested matter pursuant to Federal Rule of Bankruptcy Procedure 9014.

### Jurisdiction

The Court has jurisdiction over this bankruptcy case pursuant to 28 U.S.C. § 1334(b).[3] Venue is proper pursuant to 28 U.S.C. § 1409. Reference to the Court of the bankruptcy case is proper pursuant to 28 U.S.C. § 157(a). Matters related to modification of the automatic stay are core proceedings as defined by 28 U.S.C. § 157(b)(2)(G).

---

[1] ECF No. 77.

[2] ECF No. 83.

[3] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq.

**Findings of Fact**

Debtor purports to own and operate a portfolio of residential real estate properties that generate income in the form of rental payments and contract-for-deed payments.[4]  On December 20, 2023, Debtor executed a Commercial Promissory Note in favor of Movant (the "Note").[5] The Note was accompanied by a Construction Addendum (the "Addendum").[6]  The stated amount of the loan was $186,000 (the "Loaned Amount").  The Note listed real property described as 9533 East 136th Street South, Bixby, Oklahoma (the "Property") as collateral for the loan. Debtor described the arrangement as a "Construction Loan." Counsel for Movant described it as a "Dutch Interest Loan." Under the terms of the Note and Addendum, $130,000 (the "Disbursed Amount") was immediately disbursed to Debtor, while $56,000 (the "Withheld Amount") was withheld by Movant, to be used exclusively to fund construction and related expenses associated with the Property. The Withheld Amount was to be disbursed pursuant to an itemized draw schedule and budget approved by both Debtor and Movant.  Consistent with the "Dutch Interest Loan" format, interest was calculated on the entire Loaned Amount, not just the Disbursed Amount.[7]

In conjunction with the Note and Addendum, Debtor executed a Mortgage, Assignment of Rents, and Security Agreement (the "Security Agreement").[8] The Security Agreement was duly recorded and filed with the Tulsa County Clerk on December 27, 2023. For some amount of time after executing the Note, Addendum, and Security Agreement, Debtor made regular payments to Movant towards the Note. At some point, Debtor and Movant had a disagreement about the

---

[4] ECF No. 266 at 1.
[5] Movant's Ex. 1-1.
[6] Movant's Ex. 1-9.
[7] Movant's Ex. 1-14, Addendum, at ¶ 6.6.
[8] Movant's Ex. 2.

2

calculation of interest on the Note, causing Movant to declare a default which triggered its default interest rate under the terms of the Note, in addition to various fees and expenses.  Movant later began foreclosure proceedings against Debtor and the Property in Tulsa County District Court. Debtor reports making a payment on December 1, 2025, of $1,842.02 to Movant toward its loan secured by the Property.[9]

On August 28, 2024, a Contract for Deed for the sale of the Property, naming Debtor as Seller and Juan Pablo Almendares as Buyer, was filed with the Tulsa County Clerk (the "Almendares Contract").[10]  On July 8, 2025, a Quit Claim Deed was filed with the Tulsa County Clerk in which Almendares transferred all of his interest in the Property back to Debtor.[11]

Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code on November 24, 2025 (the "Petition Date"). Debtor scheduled the claim of Movant, in the amount of $130,000, as being disputed.[12] As of the Petition Date, Movant asserts that it was owed $183,824.28.[13] Debtor describes its interest in the Property as "Fee Simple," and values its interest in the Property at $200,000.[14] Debtor's schedules indicate the Property is subject to an executory contract, which Debtor describes as a contract for deed, with "Casey Casillas."[15] Debtor's records show that as of December 2025, "rent" on the Property of $2,778.41 was due but unpaid.[16] As of January 6, 2026, Debtor's Accounts Receivable record shows the account for the Property is 62 days overdue with

---

[9] ECF No. 132-1, at 3.
[10] Movant's Ex. 3.
[11] Movant's Ex. 6.
[12] ECF No. 55, at 42.
[13] Claim No. 65-1; Movant's Ex. 7.
[14] ECF No. 55, at 6.
[15] ECF No. 55, at 117.
[16] ECF No. 132-1, at 22.

"Rent Outstanding" as $2,778.41.[17]

At the Hearing, Bao Quoc Mai Nguyen, also known as Paul Nguyen ("Mr. Nguyen") testified on behalf of Debtor. Mr. Nguyen is both the sole owner of Debtor and acting representative of Debtor as a Debtor In Possession.[18] Mr. Nguyen testified that the Property was not currently subject to a contract for deed.  In Debtor's Objection to the Motion, it stated that the Property is "the homestead of Casey Nasario Cassillas and Adolfo Cassillas who are purchasing the Property on a contract for deed."[19] Despite Mr. Nguyen's testimony, in a colloquy with the Court, Debtor's counsel confirmed that the Property is currently occupied and subject to a contract for deed, but the buyers under the contract are not making payments to Debtor.

To the extent that "Conclusions of Law" contain items that should more appropriately be considered "Findings of Fact," they are incorporated herein by this reference.

## Conclusions of Law

Movant seeks relief from the automatic stay to proceed in a foreclosure action against the Property in the District Court of Tulsa County, Oklahoma. Movant states that it "will suffer irreparable injury, loss and damage unless the automatic stay is terminated," but does not otherwise indicate the grounds for the relief it seeks, including which section of § 362 is applicable to the Motion. Section 362(d) of the Bankruptcy Code provides that:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

---

[17] ECF No. 133-1, at 19.
[18] ECF No. 80 at 3.
[19] ECF No. 83, at 1.

(2) with respect to a stay of an act against property under subsection (a) of this section, if--

    (A) the debtor does not have an equity in such property; and

    (B) such property is not necessary to an effective reorganization[.][20]

Section 362(g) allocates the burden of proof of each of the above elements as follows:

In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section--

    (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and

    (2) the party opposing such relief has the burden of proof on all other issues.[21]

Upon filing a relief from stay motion, the initial burden going forward to show the grounds that compel the lifting of the stay rests with the creditor.[22] Once grounds have been established, the moving party has the burden of proof that debtor lacks equity in the property. The burden for all other issues rests with the debtor.[23]

    1. *Movant is not entitled to relief from the automatic stay under § 362(d)(1)*

To obtain relief under § 362(d)(1), Movant must demonstrate "cause" for granting relief. While Debtor has the ultimate burden of proof on the issue of cause, Movant has the initial burden of going forward before the burden will shift to Debtor.[24] In other words, Movant must establish a prima facie case that cause exists under § 362(d)(1) *before* Debtor is required to present any

---

[20] § 362(d)(1) and (2). Section 362 includes two additional grounds for relief that are inapplicable to this proceeding.

[21] § 362(g).

[22] *In re DB Cap. Holdings, LLC*, 454 B.R. 804, 816 (Bankr. D. Colo. 2011) (citing *In re Anthem Cmtys./RBG, LLC*, 267 B.R. 867, 870-71 (Bankr. D. Colo. 2001).

[23] *Id.*; § 362(g).

[24] *In re Anthem Cmtys.*, 267 B.R. at 871 (citing *In re Elmira Litho, Inc.*, 174 B.R. 892, 900 (Bankr. S.D.N.Y. 1994)).

5

defensive evidence.[25] Other than alleging "irreparable injury, loss and damage unless the automatic stay is terminated so as to permit Movant to conclude its foreclosure action pending in the District Court of Tulsa County," Movant has not indicated, either in the Motion or in oral argument at the Hearing, what "cause" it seeks to establish as the basis for its relief from the automatic stay.  For the following reasons, the Court finds Movant has not established any grounds for relief under § 362(d)(1) that would necessitate Debtor presenting any defense.

Among the grounds for cause under § 361(d)(1) is a lack of adequate protection of an interest of a creditor in property.[26] The purpose of providing adequate protection for a creditor is to insure that the creditor receives the value for which it bargained prebankruptcy.[27] Adequate protection is assurance for a creditor that its collateral is not depreciating or diminishing in value as a result of the automatic stay.[28] The determination of adequate protection is a factual question that is made on a case-by-case basis.[29] The Court must look to a creditor's interest in property to define its entitlement to adequate protection.[30]  In order to establish a prima facie case under § 362(d)(1) that it is entitled to adequate protection, a secured creditor must show that 1) its security is declining—or threatened to decline—in value, and 2) the decline or threat is the result of the automatic stay.[31] Such "threats" can include depreciation, the failure to maintain insurance,

---

[25] *In re Elmira Litho, Inc.*, 174 B.R. at 902 ("Thus, every party seeking relief from the automatic stay under § 362(d)(1) must carry the initial burden of showing that it is entitled to relief before the debtor is obligated to go forward with its proof.").

[26] § 361(d)(1).

[27] *In re O'Connor*, 808 F.2d 1393, 1396 (10th Cir. 1987).

[28] *United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 370 (1988).

[29] *In re O'Connor*, 808 F.2d at 1397.

[30] *In re Elmira Litho, Inc.*, 174 B.R. at 902.

[31] *Id.*

or the failure to keep the property in a good state of repair.[32] While the "interest in property" protected by § 362(d)(1) may include the right of a secured creditor to have the security applied in payment of its debt upon completion of a reorganization, that protection does not include a secured party's right to immediate foreclosure.[33]

Movant has failed to establish a prima facie case that it lacks adequate protection of its interest in the Property.  The Note, Addendum, and Security Agreement provide evidence that Movant holds a secured interest in the Property. The Security Agreement appears to have been properly recorded in the state land records.  Based on this evidence, the Court will assume, without deciding, that Movant has a valid first lien on the Property.[34] Beyond the fact of its interest in the Property, Movant did not offer any evidence regarding the value of the Property, or whether an equity cushion exists.  It did not offer evidence that the Property was declining, or under threat of declining, in value, that its value was depreciating, that taxes or property insurance were going unpaid, or that the Property was not being maintained in good repair.  In short, Movant has made no showing that its interests are being harmed as a result of the automatic stay.  In the absence of some proof that would support cause under § 362(d)(1), the Court cannot find that Debtor has any burden to present a defense.

### 2. Movant is not entitled to relief from the automatic stay under § 362(d)(2)

Under § 362(d)(2) of the Bankruptcy Code, relief *shall* be granted with respect to property of the estate if (A) the debtor has no equity in the property at issue; *and* (B) the property is not

---

[32] *Id*. at 902 n.9.
[33] *Timbers*, 484 U.S. at 370-71.
[34] No party has presented evidence to the contrary, nor has this issue been properly raised for adjudication.

necessary to an effective reorganization.[35]   In other words, § 362(d)(2) is written in the conjunctive; both (A) and (B) must be satisfied before a court may grant relief from the automatic stay under this subsection. First, the creditor has the burden to establish that the debtor lacks equity in the property.[36] If creditor carries its burden, only then will the burden shift to the debtor to establish that the property is necessary for an effective reorganization.

Based on Debtor's representation that the Property has been sold to a third-party pursuant to a contract for deed prior to the Petition Date, the Court has previously expressed its concerns whether Debtor retains any equity in the Property.[37] Despite being prompted at the Hearing, Movant chose not to address that issue. Movant made no argument that Debtor lacks equity in the Property, nor did it offer any evidence of the value of the Property or the value of Debtor's interest in the Property. Because Movant has the burden of proof on the issue of Debtor's equity in the Property under § 362(g), its request for relief under § 362(d)(2) must fail.  Without a showing that Debtor lacks equity in the Property, the Court does not reach the issue of whether it is necessary for an effective reorganization.

## Conclusion

The Court finds the Motion for Relief from Automatic Stay and Abandonment of Property, filed by Dominion Financial Services LLC, must be denied.

---

[35] § 362(d)(2).

[36] § 362(g); *In re Anthem Cmtys.*, 267 B.R. at 870.

[37] *See* Okla. Stat. Ann. tit. 16, § 11A; § 541(d); *McGinnity v. Kirk*, 2015 OK 73, 362 P.3d 186; *Hartless v. Cline*, 2023 OK CIV APP 30, ¶ 16, 538 P.3d 187, 191 ("When a contract for deed is properly executed, equitable title to the real property passes to the buyer, while the seller retains bare legal title and an interest equivalent to a mortgage which guarantees payment of remaining sums under the contract."); Kraettli Q. Epperson, A Contract for Deed Transfers Equitable Title to Buyer (16 O.S. §11A), 96 Okla. Bar J. No. 8, Oct. 2025, available at https://www.okbar.org/barjournal/oct-2025/a-contract-for-deed-transfers-equitable-title-to-the-buyer/.

Accordingly,

IT IS HEREBY ORDERED that the Motion for Relief from Automatic Stay and Abandonment of Property, filed by Dominion Financial Services LLC, with respect to real property located at 9533 East 136th Street South, Bixby, OK, is DENIED.

IT IS FURTHER ORDERED that the automatic stay in this case with respect to real property, located at 9533 East 136th Street South, Bixby, OK, shall remain in place.

Dated this 4th day of May, 2026.

BY THE COURT:

PAUL R. THOMAS, CHIEF JUDGE
UNITED STATES BANKRUPTCY